# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ROCKY GASPARD** | **CASE NO.  6:19-CV-00500** |
| **VERSUS** | **JUDGE DRELL** |
| **BAYWATER DRILLING L L C ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Vessel Inspection (Rec. Doc. 53). Defendants, Baywater Drilling, LLC and Hilcorp Energy Company, opposed the motion (Rec. Doc. 55), and Plaintiff replied (Rec. Doc. 57). The Court conducted a telephone hearing on December 21, 2022.

Plaintiff filed this Jones Act suit in April 2019, following an alleged trip-and-fall incident in February 2019 while he was working aboard the vessel *Bayou Blue*. (Rec. Doc. 1). Plaintiff alleges that he was employed by Baywater, which then owned the *Bayou Blue*, performing work overseen by a Hilcorp employee, when he tripped over a pad eye on the vessel's deck. The case was continued multiple times, with the discovery deadline eventually set for January 31, 2023 and expert disclosure deadlines set for January and February 2023. (Rec. Doc. 52). At some point during proceedings, Defendants produced a photograph of the pad eye in question to Plaintiff in response to discovery. (Rec. Doc. 53-11).

Plaintiff first attempted to arrange an inspection of the *Bayou Blue* in January 2020; however, the pandemic and other issues beyond the parties' control prevented them from conducted an inspection for over three years. (Rec. Doc. 57-1 through 57-3; 53-3). In August 2022, counsel for both parties amicably attempted to set up the inspection; however, by early December 2022, Defendant's counsel advised Plaintiff's counsel that, despite earlier indications, the vessel would not be "coming down" (docked) in December or the immediately foreseeable future. Hilcorp, now the owner of the *Bayou Blue*, would not allow third parties to go onto the vessel during rig operations due to safety and operational concerns. (Rec. Doc. 53-4 through 53-8). Thus, Plaintiff filed the instant motion seeking to compel an inspection of the vessel with its expert. Defendants contend the relevance of an inspection while the vessel is in operation is outweighed by safety and logistical concerns.[1] Alternatively, Defendants propose that any compelled inspection should be conditioned upon compliance with orders aimed at limiting operation disruptions and ensuring participants' safety.

F.R.C.P. Rule 34 authorizes a party to inspect an adverse party's property, subject to the ordinary limitations imposed by Rule 26(b) that discovery may be for

---

[1] Defendants argued in opposition to the motion that Plaintiffs did not request an inspection until August 2022, over three years after the accident; however, Plaintiff provided email evidence in reply indicating that Plaintiff's counsel first requested an inspection in January 2020.

"any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "When considering a motion under Rule 34(a)(2), the Court must weigh the benefit of the proposed inspection against the burden such inspection creates." *Banks v. Bell Helicopter Textron, Inc.,* No. 4:10-CV-653-Y, 2011 WL 13291575, at *2 (N.D. Tex. Oct. 4, 2011), citing *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908-09 (4th Cir. 1978).

Defendants do not meaningfully argue that the proposed vessel inspection is irrelevant. Rather, Defendants contend that the benefit or utility of an inspection is far outweighed by the risks associated with allowing third parties to inspect the vessel while it is in operation offshore. Defendants further minimize the necessity of the inspection based the fact that they previously provided a photograph of the pad eye at issue.

The Court agrees that a vessel inspection is relevant to Plaintiff's claims in that an inspection would enable Plaintiff and his expert to fully examine the location of the incident and take any necessary measurements. However, the Court is sympathetic to Defendants' concerns regarding allowing third parties aboard its

vessel while in operation. Given these legitimate concerns, the Court is not inclined at this time to order Defendants to allow third parties aboard the vessel while in operation. Similarly, the Court finds that the burden and expense of ordering the vessel to shore for the purposes of the inspection outweighs the benefit of the inspection. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel Vessel Inspection (Rec. Doc. 53) is DENIED WITHOUT PREJUDICE. As agreed by the parties at the December 21, 2022 hearing, the parties shall continue to work together to schedule the inspection when the vessel is moving between rigs. Defendants' counsel shall notify Plaintiff's counsel within one (1) week of this order the vessel's location and shall attempt to provide one (1) week advance notice of the vessel's location prior to the anticipated inspection. The scope of the inspection shall be limited to the vessel's main deck, including the area where the incident occurred, the plaintiff's path of travel on the date of the incident, and any area discussed during the plaintiff's deposition. The scope of the inspection shall not include the drill deck/floor.

IT IS FURTHER ORDERED that the following deadlines are extended:

- Deadline for completion of discovery    March 31, 2023
- Deadline for filing dispositive motions    July 10, 2023
- Plaintiff's deadline to exchange expert reports    April 17, 2023
- Defendants' deadline to exchange expert reports    May 17, 2023

- Final date for deposing experts                                June 19, 2023

Signed at Lafayette, Louisiana on this 21st day of December, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE