UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROCKY GASPARD** | **CASE NO. 6:19-CV-00500** |
| **VERSUS** | **JUDGE DRELL** |
| **BAYWATER DRILLING, LLC, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### RULING AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING [MEDICAL] CAUSATION

Before the Court is Plaintiff, Rocky Gaspard's ("Gaspard") Motion for Partial Summary Judgment Regarding [Medical] Causation ("Motion"). (Doc. 82). The Motion is distinct from Gaspard's motion for partial summary judgment on the issue of liability. (Doc. 81) Here, Gaspard seeks a ruling finding that the "physical injuries to the low back and right leg of plaintiff, Rocky Gaspard, were caused by the February 28, 2019 incident that occurred aboard the Bayou Blue inland barge when plaintiff [] tripped on a pad-eye located along the Port side gunnel of the vessel." (Doc. 82-3). The Motion does not seek judgment establishing the extent of damages allegedly suffered, the liability of defendants, issues of comparative fault, or issues of medical necessity. For the reasons set forth below, the limited Motion for Partial Summary Judgement Regarding [Medical] Causation is **GRANTED**.

I.  BACKGROUND

On February 19, 2019, Gaspard began working a fourteen (14) day shift as a derrickhand aboard the inland barge/vessel *Bayou Blue*. (Doc. 78). He underwent a full pre-employment physical on February 1, 2019, after which he was released to full duty with no restrictions as a derrickhand. (Doc. 82-12). The position of derrickhand can be physically intensive. On February 28, 2019, Gaspard tripped and fell while working aboard the *Bayou Blue*. At the time, he was

dragging a hose that weighed approximately 55 pounds. He immediately exhibited pain from the fall and was promptly returned to shore. He reported lower back pain and pain down his right leg while receiving medical treatment the day of the injury and the day after. An MRI taken the day following the injury revealed a large disc herniation on the right at L5-S! and a depression of the right S1 nerve root in his lower back. Gaspard underwent physical therapy for lower back pain and right leg pain. He received multiple steroidal injections to alleviate his lower back pain. He ultimately had three surgeries to treat his lower back and right leg pain. There is no question that Gaspard suffered lower back pain and right leg pain after his fall.

The question then becomes whether Gaspard was experiencing any such pain or injury prior to the incident. There is nothing in the record to suggest that he was. His pre-employment physical cleared him for full duty without restrictions. The physical nature of his position as a derrickhand would have inhibited his ability to work, yet no evidence in opposition has been offered to suggest Gaspard was hindered in the days leading up to the fall.

Baywater posits that Gaspard's medical history is significant and his credibility suspect thereby attempting to create a genuine dispute of material fact regarding whether the fall caused the injuries he experienced immediately following the fall. Specifically, Baywater points to a 2014 MRI of plaintiff's lumbar spine that revealed a "degenerated L5-S1 disc with bulge" and "degenerative disc disease at the L5-S1 level with associated disc bulge" referenced in the expert report of Dr. Everett Robert ("Dr. Robert")[1] (Doc. 92-2), a neck surgery Gaspard underwent in 2018, and surveillance videos taken of Gaspard five months and ten months after his second back surgery to treat his medical issues.[2]

---

[1] A separate Motion in Limine to exclude the testimony of Dr. Robert is currently pending before this Court. The outcome of that motion does not materially impact the resolution of the instant motion.
[2] These recordings are discussed in greater length in the Court's Order denying Plaintiff's Motion in Limine to Exclude Surveillance Evidence (Doc. 102).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable of the non-moving party. Chaplin v. Nationscredit Corp., 307 F.3d 368, 372 (5th Cir. 2002). When ruling on a motion for summary judgment, it is improper for a court to make a credibility determination or weigh evidence. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed 2d 202 (1986). It is important to note that the standard for summary judgment is twofold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted).

When the movant bears the burden of proof on an issue, they "must establish, as a matter of law, all essential elements" of their claim or defense before non-movants become "obligated to bring forward any specific facts alleged to rebut [movant's] case." Mudrick v. Cross Servs., 200 F. App'x 338, 340 (5th Cir. 2006); see Chaplin, 307 F.3d at 372; see also Chapoy v. Union Pac. R.R., No. 22-40791, 2023 U.S. App. LEXIS 26367, at *5 (5th Cir. Oct. 4, 2023) (holding that defendant in FELA action must establish all of the essential elements of an affirmative defense to prevail on summary judgment).

## III. ANALYSIS

This Court must first address the specific relief requested and granted herein. Gaspard seeks a ruling finding that "[t]he physical injuries to the low back and right leg of plaintiff, Rocky

Gaspard, were caused by the February 28, 2019 incident that occurred aboard the *Bayou Blue* inland barge when plaintiff, Rocky Gaspard, tripped on a pad-eye located along the Port side gunnel of the vessel." (Doc. 82-3). Repeating, the Motion does not seek, and this Court does not make any finding here regarding Jones Act negligence, unseaworthiness, or liability. In this sense, the discussion of Jones Act negligence and causation contained within the parties' memoranda is not particularly useful. These will be addressed in a Ruling and Order regarding liability from the Court. Here, the question posed and answered regards medical causation of the injuries to Gaspard's lower back and right leg.

Medical causation may be proved by lay testimony when the issues are within common knowledge. See Miller v. Captain Credit, 631 F. App'x 248, 250 (5th Cir. 2016) (applying Louisiana law regarding medical causation); see also Fulton v. United Airlines, Inc., No. 19-20140, 2021 U.S. App. LEXIS 24033, at *7 (5th Cir. Aug. 12, 2021) (applying Texas law to establish "[l]ay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition."); Webster v. Offshore Food Serv., Inc., 434 F.2d 1191, 1193 (5th Cir. 1970) (requiring expert testimony in Jones Act cases where "the testimony bears on technical questions of medical causation beyond the competence of lay determination."). Expert testimony becomes necessary when the issue of medical causation is beyond the competence of a lay person. Seaman v. Seacor Marine L.L.C., 326 F. App'x 721, 723 (5th Cir. 2009) (requiring expert testimony in Jones Act case where injuries required "scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities…."); Sinegal v. Charles L L C, No. 2:18-CV-01157, 2024 U.S. Dist. LEXIS 47826, at *7 (W.D. La. Mar. 18, 2024) ("[W]hen the conclusion regarding medical causation is not one

within common knowledge, expert medical testimony is required to prove causation") quoting <u>Lassiegne v. Taco Bell Corp.</u>, 202 F.Supp.2d 512, 524 (E.D. La. 2002). (". Indeed, expert testimony alone may become necessary when presented with complex questions of medical causation. <u>Webster</u>, 434 F.2d at 1193 (holding that uncontroverted expert testimony on "technical questions of medical causation beyond the competence of lay determination" is sufficient to support a motion for summary judgment.).

It is axiomatic that a defendant takes the plaintiff as he finds him. <u>Koch v. United States</u>, 857 F.3d 267, 273 (5th Cir. 2017) ("It is a settled principle of tort law that when a defendant's wrongful act causes injury, he is fully liable for the resulting damage even though the injured plaintiff had a preexisting condition that made the consequences of the wrongful act more severe than they would have been for a normal victim. The defendant takes the plaintiff as he finds him."); <u>Dahlen v. Gulf Crews, Inc.</u>, 281 F.3d 487, 495 (5th Cir. 2002) ("The "eggshell skull" doctrine requires a defendant to compensate a plaintiff for unforeseeable injuries flowing from some pre-existing physical condition."). This truism is not altered within the context of Jones Act or maritime liability. See e.g. <u>Eugene v. Mormac Marine Transp., Inc.</u>, No. 94-30192, 1995 U.S. App. LEXIS 43906, at *9 (5th Cir. Feb. 7, 1995); <u>Johnson v. Cenac Towing, Inc.</u>, 599 F. Supp. 2d 721, 730 (E.D. La. 2009).

The evidence here is clear. Gaspard suffered a neck injury that required surgery in October of 2018. He was cleared to return to work with no restrictions. Suffice to say that Gaspard's neck is not his lower back or right leg. He returned to work with no apparent complaints about his performance. He fell and immediately began to exhibit pain in his lower back and right leg. An MRI taken a day after his fall showed a significant disc herniation in his lower back. Gaspard has offered two medical experts to support his claims for medical causation.

Defendants' proffered medical expert, Dr. Everett Robert ("Dr. Robert"), opined that the injuries to Gaspard's back and right leg were caused by Gaspard's fall. Defendants claim that Dr. Robert's expert's opinion was conditioned on Gaspard's credibility are meritless. The record clearly demonstrates that Gaspard provided Dr. Robert with his relevant medical records prior to his evaluation and report. Assertions that Gaspard misrepresented his medical history to Dr. Robert are belied by Dr. Robert's report where he clearly acknowledges having considered said records.

Defendants offer no evidence to controvert the clear factual record that Gaspard's lower back and right leg were not impaired before his fall and were injured after his fall. Determinations of medical causation between a fall and a back injury resulting in a herniated disc is sufficiently within the realm of common knowledge to be proven by direct or circumstantial evidence. See e.g. Villareal v. Starbucks Corp., No. 18-0836, 2019 U.S. Dist. LEXIS 120263, at *7-8 (W.D. La. July 18, 2019) (holding that alleged back and leg injuries from a "slip and fall is sufficiently within the realm of common knowledge and, therefore, may be proved by direct or circumstantial evidence."). Nonetheless, three experts have been offered as well, all of whom agree that the fall was the cause of the injuries to Gaspard's lower back and right leg.

## IV. CONCLUSION

The physical injuries to the lower back and right leg of plaintiff, Rocky Gaspard, were caused by the February 28, 2019, incident that occurred aboard the *Bayou Blue* inland barge when plaintiff, Rocky Gaspard, tripped on a pad-eye located along the Port side gunnel of the vessel.

Gaspard's Motion for Partial Summary Judgment on Medical Causation (Doc. 82) is **GRANTED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 2ND day of July 2024.

_____
DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT